UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDWARD LEE HILTON,

            Petitioner,           Case No. 1:20-cv-544

v.                                     Honorable Robert J. Jonker

RANDEE REWERTS,

            Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  **Factual Allegations**

Petitioner Edward Hilton is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Montcalm County, Michigan. Following a jury trial in the Genessee County Circuit Court, Petitioner was convicted of second-degree murder, in violation of Mich. Comp. L. § 750.317, assault with intent to commit murder (AWIM), in violation of Mich. Comp. L. § 750.83, carrying a concealed weapon, in violation of Mich. Comp. L. § 750.227, and use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. L. § 750.227b. On February 26, 2018, the court sentenced Petitioner to concurrent terms of imprisonment of 25 to 50 years for the murder and AWIM convictions and 2 years, 6 months to 5 years on the concealed weapons conviction. Those sentences, in turn, were to be served consecutively to a 2-year sentence for the felony-firearm conviction.

In June 2020, Petitioner filed his habeas corpus petition raising three grounds for relief, as follows:

I.  The speedy trial statute in Michigan Court Rule 6.004 of 1985 is unconstitutional and repugnant to *Barker v. Wingo*, 407 U.S. 514 (1972).

II. If or if not the Michigan speedy trial statute is unconstitutional did Petitioner meet his post-accusation delay, 180 days, under *Barker*, and was Petitioner denied a speedy trial, and did the long delay impair his ability to present a quality defense?

III. Did the trial court reversibly err in not allowing Petitioner to represent himself when he had knowingly, intelligently, voluntarily, and unequivocally waived his constitutional right to appointed counsel, and when the waiver was not untimely, and the court was under no heightened obligation to assist the Petitioner, and the Petitioner had sufficient mental

        capacity to conduct his own defense without standby counsel and was able to abide by the rules of procedure and courtroom protocol?

(Pet., ECF No.2, PageID.34-35.) Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on various dates; however, the latest date he signed a document submitted along with his petition was June 3, 2020. (Pet., ECF No. 1, PageID.31.) The petition was received by the Court on June 15, 2020. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

## II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

>by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Some background regarding Petitioner's state-court proceedings is helpful to an understanding of when his judgment became final. Petitioner has filed hundreds of pages of documents from his state court proceedings. Those documents reveal that he fought persistently to represent himself at trial. But the trial court refused to permit Petitioner to represent himself. Petitioner worked his way through several attorneys. The jury found Petitioner guilty as set forth above. He was sentenced on February 26, 2018.

After Petitioner was sentenced, he refused to accept the form providing the notice of right of appellate review and request for appointment of appellate counsel. (Genesee Cty. Cir. Ct. Register of Actions, ECF No. 2-7, PageID.725-726.) The trial court released Petitioner's sentencing counsel and advised Petitioner he could seek the appointment of appellate counsel by motion. (*Id.*) Petitioner never sought the appointment of appellate counsel.

On October 22, 2018, Petitioner filed a claim of appeal from the Genessee County Circuit Court judgment of sentence. Mich. Ct. App. Docket No. 347124, available at https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=347124&CourtType_CaseNumber=2 (visited June 30, 2020). Petitioner filed his claim of appeal almost 8 months after the judgment was entered and long after the 42 days provided by

4

Michigan Court Rule.  Mich. Ct. R. 7.204(A)(2).  By order entered January 9, 2019, the court of appeals dismissed the claim of appeal for lack of jurisdiction because it was untimely.  *People v. Hilton*, No. 347124 (Mich. Ct. App. Jan. 9, 2019) available at http://publicdocs.courts.mi.gov/coa/public/orders/2019/347124(8)_order.pdf  (visited June 30, 2020).

On March 18, 2019, Petitioner responded to the dismissal of his appeal.  He filed a delayed application for leave to appeal in the Michigan Court of Appeals.  Mich. Ct. App. Docket No. 348109, available at https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=348109&CourtType_CaseNumber=2 (visited June 30, 2020). The Michigan Court Rules limit the filing of such applications to 6 months after judgment is entered.  Mich. Ct. R. 7.205(G).  Petitioner filed his more than one year after judgment was entered. By order entered April 10, 2019, the court of appeals dismissed the application because it was untimely.  *People v. Hilton*, No. 348109 (Mich. Ct. App. Apr. 10, 2019) available at publicdocs.courts.mi.gov/coa/public/orders/2019/348109(10)order.pdf (visited June 30, 2020).

Petitioner filed an application for leave to appeal the court of appeals order in the Michigan Supreme Court.  By order entered March 27, 2020, the Michigan Supreme Court denied leave to appeal.  *People v. Hilton*, No. 159576 (Mich. Mar. 27, 2020) available at publicdocs.courts.mi.gov/sct/public/orders/159576_22_01.pdf (visited June 30, 2020).

Though Petitioner filed an appeal, he did not properly appeal his conviction in the Michigan Court of Appeals, because his appeal was untimely.  Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of

direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had six months, until August 26, 2018, in which to a file delayed application for leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(F)(3). Because Petitioner failed to file a timely delayed application to appeal in the Michigan Court of Appeals, his judgment became final on August 26, 2018.

None of the proceedings thereafter impacted the finality of his judgment for purposes of the federal habeas statute of limitation. Petitioner's failure to timely act did not result in a judgment on the merits of Petitioner's claims as of August 26, 2018, from which he could seek further review in the Michigan Supreme Court; therefore, Petitioner would not be permitted to tack on the period of time within which he might have filed an application for leave in the Michigan Supreme Court; nor could he count the 90-period for filing a petition for a writ of certiorari. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31(2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Consequently, Petitioner's conviction became final on August 26, 2018.

Petitioner had one year after his judgment became final, until August 26, 2019, in which to file his habeas petition.[1] Petitioner filed his application, at the earliest, on June 3, 2020.

---

[1] The same result would follow if the Court relied on the date the court of appeals dismissed Petitioner's untimely claim of appeal. That order was entered on January 9, 2019. Petitioner had 56 days, until March 6, 2019, in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). He did not seek leave to appeal to the Michigan Supreme Court. Relying on that date would afford Petitioner a few more months, but his petition would still be untimely because he did not file it within one year of March 6, 2019.

Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The state court docket sheets submitted by Petitioner reveal that he has not filed applications for post-conviction collateral review.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain

7

period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III.    Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

9

Moreover, although I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, I would not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. Finally, I recommend that the Court not certify that an appeal would not be taken in good faith.

Dated:  July 31, 2020                                                /s/ Ray Kent
                                                                                         United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).